■ ELISHA KOBRE et al., Appellants, v UNITED JEWISH APPEAL-FEDERATION OF JEWISH PHILANTHROPIES OF NEW YORK, INC., et al., Respondents. [733 NYS2d 184] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 21, 2001, which, insofar as appealed from, adopted the decision of a Special Referee, entered the same date, granting in part defendants' motions for protective orders as to certain discovery sought by plaintiffs, unanimously modified, on the law, to deny the motion for a protective order as to workers' compensation files in the hands of third parties and related third-party depositions, and otherwise affirmed, without costs.

The grant of a protective order against depositions of certain additional witnesses sought by plaintiffs was within the discretion of the motion court, since plaintiffs failed to demonstrate that such witnesses possessed any information not previously made available to them. We also affirm the grant of a protective order as to the pre-suit litigation file maintained by defendant FOJP Service Corporation (with certain exceptions not here relevant) on grounds of conditional privilege, since

plaintiffs have not demonstrated that such files contain information that could not be duplicated and that denial of production would prejudice their case (*see, e.g., Puntoriero v Johnson,* 115 AD2d 229, 230). However, we modify to deny a protective order against third-party discovery as to the investigative file on the subject incident maintained by plaintiff's employer's workers' compensation carrier, and the corresponding files of the carrier's claims administrator and investigator, as well as depositions of such agencies. Any privilege as to such evidence is held by the employer, not the present defendants, who have no standing to assert any such privilege.

To the extent plaintiffs' appeal should have been taken from the order of the Special Referee, to whom the parties had stipulated to refer the motions to hear and determine, we deem plaintiffs' notice of appeal to be corrected accordingly pursuant to CPLR 5520 (c). Concur—Mazzarelli, J. P., Andrias, Ellerin, Buckley and Marlow, JJ.